UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

      Plaintiff,

v.                                     CASE NO. 3:13-cv-606-J-99MMH-JBT

STATE OF FLORIDA, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, construed

as an Application to Proceed in District Court Without Prepaying Fees or Costs

("Application") (Docs. 2 & 11) and Plaintiff's Motion for Joinder (Doc. 16). For the

reasons stated herein, the undersigned recommends that both the Application and

the Motion for Joinder be **DENIED**, and the case be **DISMISSED**.

### I.    Background

Plaintiff filed his Complaint and Application on May 24, 2013. (Docs. 1 & 2.)

On June 7, 2013, the Court entered an Order taking the Application under

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

advisement and directing Plaintiff to file an amended complaint and a more detailed application no later than June 28, 2013.  (Doc. 5.)  In this June 7th Order, the undersigned noted that the Complaint contained "conclusory, scattershot allegations that suggest Plaintiff seeks relief unavailable from this Court." (*Id.* at 3.)  The Order observed that Plaintiff's Complaint appeared to seek review of state-court decisions or interference with state-court proceedings, which implicated the *Rooker-Feldman*[2] and *Younger*[3] abstention doctrines. (*Id.* at 3–4.)  On June 25, 2013, Plaintiff filed his First Amended Complaint ("Amended Complaint") (Docs. 8 & 12),[4] and on June 26, 2013, Plaintiff filed his long-form application.  (Doc. 11.)[5]

Preliminarily, Plaintiff's Amended Complaint does not contain a "short and plain statement showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). It is still unnecessarily long and confusing.[6]  Therefore, it could be dismissed on that

---

[2]    See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3]    *See generally Younger v. Harris*, 401 U.S. 37 (1971).

[4]    The two Amended Complaints appear to be identical.  The undersigned will cite to the later-filed document (Doc. 12).

[5]    A review of the long-form application reveals that Plaintiff appears to be without sufficient financial resources to pay the filing fee. (Doc. 11.)  However, even if Plaintiff is indigent, the Court must undertake the analysis required by 28 U.S.C. § 1915(e)(2)(B) and also inquire into its jurisdiction.

[6]    The Amended Complaint contains 353 separate paragraphs.  In addition, Plaintiff has filed several ancillary documents.  For example, Plaintiff filed identical "cover letters" to the Amended Complaint addressing some of the questions the Court raised in its Order taking Plaintiff's initial application under advisement. (Docs. 9 & 13.)  Plaintiff also filed an
(continued...)

basis alone. Moreover, although more detailed, the Amended Complaint suffers

from the same problems as the original. As this Court previously observed in its

Order denying Plaintiff's motion for a temporary restraining order—

> Regardless of how liberally the Court construes the Complaint . . . all of Plaintiff's claims appear to be based upon his dissatisfaction with the state circuit court's handling of various civil and criminal proceedings to which he has been a party, including a proceeding that resulted in a May 13, 2013, order declaring the plaintiff to be "vexatious."[7]

(Doc. 10 at 1.)

## II.    Discussion

### A.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to proceed

without prepayment of fees or costs where the plaintiff has demonstrated through the

filing of an affidavit that he is "unable to pay such fees or give security therefor." 28

U.S.C. § 1915(a)(1). However, the Court is also obligated to review the case

pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the

action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, the Court must also dismiss an action

---

[6](...continued)
affidavit (Doc. 14) and memorandum of law (Doc. 15).

[7]    Plaintiff filed a copy of this order (Doc. 17-3), and has indicated that he is appealing it in state court (Doc. 13 at 4). The Court may take judicial notice of this order and other public records. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277–78 (11th Cir. 1999).

*sua sponte* if, at any time, it determines that it lacks subject matter jurisdiction. *Kirkland v. Midland Mortg.* Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001); *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Pleadings submitted by a *pro se* plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Further, courts should not dismiss a complaint for failure to state a claim, pursuant to section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed. R. Civ. P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### B.   Analysis

Plaintiff's Amended Complaint requests extraordinary relief. (Doc. 12 at 34.) Plaintiff asks this Court to void all orders in *eleven* state court cases, whether pending or concluded, to strike an order that a judge of Florida's Seventh Judicial Circuit entered declaring Plaintiff a vexatious litigant pursuant to Florida law, *see* Fla. Stat. § 68.093, and to enjoin certain state-court judges from hearing any case

involving him.[8]  (*Id.*)

The undersigned recommends that the *Rooker-Feldman* and *Younger* abstention doctrines foreclose the Court from granting the relief Plaintiff requests. Plaintiff's Amended Complaint is unclear as to which of the eleven cases it identifies are ongoing and which have been concluded.  But as the Court observed in its Order denying Plaintiff's motion for a temporary restraining order, relief in this Court is precluded in either situation.  (*See* Doc. 10 at 3–4.)  Per the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review orders in the cases that have concluded.  To the extent the cases are currently pending, the *Younger* abstention doctrine requires that this Court not interfere with such proceedings.

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."[9] *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing *Feldman*, 460 U.S. at 482).  The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam); *see also Manning v. Harper*, 460 F. App'x 872,

---

[8]  Plaintiff also asks that certain of his state cases be removed to this Court.

[9]  It appears that the vexatious litigant order (Doc. 17-3) directs the state court Clerks to enter judgment against Plaintiff in all of his pending Seventh Judicial Circuit cases.  Plaintiff indicates he is appealing that order in state court.  (Doc. 13 at 4.)

873–74 (11th Cir. 2012) (rejecting constitutional claims similar to Plaintiff's pursuant to *Rooker-Feldman*).  This doctrine bars Plaintiff from seeking review in this Court of his adverse state-court judgments.

*Younger* abstention precludes federal courts from engaging in "undue interference with state proceedings." *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989).  A court may abstain under *Younger* if (1) the state proceeding is ongoing; (2) the state proceeding implicates an important state interest; and (3) the federal court plaintiff has an adequate opportunity to raise a constitutional challenge before the state court.  *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997).  This Court has previously concluded that all of these elements are satisfied in this case. (Doc. 10 at 4–5.) The undersigned recommends that the Court need not revisit this conclusion.

It is apparent that Plaintiff seeks "undue interference" in the subject proceedings based on the drastic relief he seeks.  Further, the *Younger* factors weigh heavily in favor of abstention.  Assuming the state proceedings are ongoing (if not, they are subject to *Rooker-Feldman*), the proceedings clearly implicate important state interests, including the ability of Florida courts to regulate their own judicial system.  Moreover, a number of the subject cases involve Plaintiff suing state officials or entities. (Doc. 17-3 at 9.) Finally, Plaintiff has not plausibly alleged, much less sustained his burden of showing, that he has no adequate opportunity in the state proceedings to raise any constitutional challenges he may have.  *See*

*Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also 31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) ("[P]laintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims.").

Finally, in Plaintiff's Motion for Joinder, he seeks to add Florida Governor Rick Scott as a defendant in this action. The undersigned recommends that this motion be denied as the addition of this defendant would not alter the foregoing analysis or recommendation.

### III. Conclusion

The allegations of the Amended Complaint place this case squarely within the *Rooker-Feldman* and *Younger* abstention doctrines. The undersigned recommends that the Court not interfere with eleven different state court cases, or with a vexatious litigant order entered by a court of competent jurisdiction and subject to appeal in the Florida courts.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      Plaintiff's Application (**Docs. 2 & 11**) be **DENIED**.

2.      Plaintiff's Motion for Joinder (**Doc. 16**) be **DENIED**.

3.      The case be **DISMISSED**.

4.      The Clerk of Court be directed to close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on July 22, 2013.


JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff