# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

    Plaintiff,

vs.                                             Case No. 3:13-cv-606-J-99MMH-JBT

ATTORNEY GENERAL PAM BONDI
STATE OF FLORIDA CHIEF LEGAL OFFICER,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 19; Report), entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on July 22, 2013. In the Report, Magistrate Judge Toomey recommends that both the Affidavit of Indigency (Doc. Nos. 2 & 11), construed as a Motion to Proceed In Forma Pauperis, and Plaintiff's Motion for Joinder (Doc. No. 16) be denied, and the case be dismissed. See Report at 1. On August 1, 2013, Plaintiff filed objections to the Report. See Response & Objection to Report and Recommendation (R&R) and Incorporated Demand for Hearing (Doc. No. 25; Objections). Thus, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review the legal

conclusions in the report de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court determines that Plaintiff's Objections to the Magistrate Judge's findings are due to be overruled, and the Report and Recommendation is due to be adopted as the opinion of the Court.[1]  Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Objections to the Report and Recommendation (Doc. No. 25) are **OVERRULED.**

2. The Magistrate Judge's Report and Recommendation (Doc. No. 19) is **ADOPTED** as the opinion of the Court.

---

[1] The Court notes that rather than naming the prevailing parties from his state court actions as defendants, Plaintiff names Attorney General Pam Bondi, and seeks to join Governor Rick Scott, see Motion for Joinder (Doc. No. 16), in his effort to invalidate the adverse judgments. However, complete identity of the parties, the first element of the Rooker-Feldman doctrine, "is unnecessary if each party's interests were represented in the state proceeding." Van Benthuysen v. Florida, No. 8:10-cv-1646-T-23AEP, 2010 WL 5060877, at *2, n.1. Here, Governor Rick Scott and Attorney General Pam Bondi, as representatives of the Executive Branch, enforce the judgments of the state court proceedings. Id. (a "judgment is enforced. . .. by the judicial and executive branches of the sovereign from which it issues."). Additionally, although Plaintiff contends that this Court misapprehends his complaint (see Objections at 1), it is entirely evident that the relief Plaintiff seeks is the reversal of multiple state court orders. See Plaintiff's First Amended Complaint (Doc. No. 12) at 34 (requesting this court to (1) strike the state court's "vexatious order"; (2) void all state orders; and (3) prohibit "any judge with a work history related to the opposing parties' interests" from presiding over Plaintiff's matters). "Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings." Pompey v. Broward County, 95 F.3d 1543, 1550 (11th Cir. 1996). Furthermore, an injunction ordering a state court judge to refrain from hearing Plaintiff's matters is "an insult to the [state judges]." See Woodroffe v. Attorney General, No. 8:08-cv-1838-T-30EAJ, 2009 WL 320863, at *3 (M.D. Fla. 2009) (citing Pompey, 95 F.3d at 1549-50). "Federal 'inferior courts' have no more business issuing supervisory injunctions to safeguard federal constitutional rights in state court proceedings than state courts have issuing such injunctions to safeguard federal constitutional rights in federal court proceedings." Pompey, 95 F.3d at 1550.

3. The Affidavit of Indigency (Doc. Nos. 2 & 11), construed as a Motion to Proceed In Forma Pauperis, is **DENIED.**

4. Plaintiff's Motion for Joinder (Doc. No. 16) is **DENIED.**

5. This case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

6. The Clerk of the Court is directed to enter judgment dismissing the case, terminate any deadlines and pending motions, including the Motion for TRO Pursuant to Rule 65(b) and 60(b)(1), (3), or (6) Relief From an Order (Doc. No. 32) filed on August 16, 2013, as moot, and close this file.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of August, 2013.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

i21

Copies to:

Honorable Joel B. Toomey
United States Magistrate Judge

Counsel of Record
Pro Se Plaintiff